EDWARD A. GRANT

v.

THE NEW JERSEY REFRIGERATING COMPANY, a corporation of
New Jersey.

[Decided May 14th, 1921.]

1. Where a suit at law on a promissory note is restrained the chancellor may direct the complainant in the equity suit to give bond conditioned to pay the party enjoined such damages as he may sustain by reason of the injunction, if the court shall find that the complainant was not entitled to the injunction.

2. The power to require the bond rests in the discretion of the court.

3. Where the allegations of the bill set forth a case cognizable in a court of equity, restraint of the law suit may be had, and resort to equity, without testing the ruling of the law court by appeal.

On bill, &c.

*Mr. Saul Nemser*, for the complainant.

*Mr. D. Eugene Blankenhorn*, for the defendant.

LEWIS, V. C.

The complainant's bill is filed to restrain defendant's suit in the law court on a promissory note payable on demand, given by the complainant to the defendant, for the sum of $5,118.00, and bearing date September 18th, 1916.

The allegations of the bill are similar in many respects to those found in *O'Brien* v. *Paterson Brewing and Malting Co.,* 69 *N. J. Eq. 117; Gallagher* v. *Lembeck & Betz Eagle Brewing Co.,* 86 *N. J. Eq. 188.*

Under these cases complainant's right to maintain his suit in equity and restrain the law suit is unquestioned, and he may resort to equity without testing the ruling of the law court by appeal.

I do not understand the defendant to seriously question the right of the complainant to maintain his bill; nor has he challenged it by motion to dismiss; but upon the return of the order to show cause for a preliminary injunction, it was urged that the complainant either give a bond or be compelled to stipulate that if complainant's bill should be dismissed after hearing, complainant should not defend the law suit.

In the case of *Gallagher* v. *Lembeck & Betz Eagle Brewing Co., supra,* security was given, the bill having been filed after judgment in the law court.

An examination of the facts in the present case leads me to agree with the defendant's contention.

The obligation of Grant is the sum in which McGrath was indebted to the defendant. The note of Grant, by its terms, is a promise to pay the debt of McGrath.

The following is a recital in the note:

"This note is given as evidence of my indebtedness to Lembeck & Betz Eagle Brewing Company by reason of having assumed the payment of a certain chattel mortgage of the amount of this note, dated December 16, A. D. 1895, and made to them by Thomas F. McGrath, the amount of the mortgage having been deducted from the consideration set forth in a certain bill of sale made by (          ) to me, dated (          ) 19 (      )."

The complainant asserts that it is impossible for him to set up a proper defence in the law court, and that his defence to the note is an equitable one. What right of his can, therefore, be jeopardized by requiring him to give a bond as a condition of the continuance of the restraint? He has selected his forum, and should he not abide by its decision? He says he has no defence to the note at law.

Rule 207 (chancery) provides for the giving of a bond under circumstances such as are here presented, which bond is conditioned to pay the party enjoined such damages as he may sustain by reason of the injunction, if the court shall find that the complainant was not entitled to the injunction.

The power to require the bond rests in the discretion of the court. *Kerr Inj. 18; Henwoord* v. *Jarvis & Schafer,* 27 *N. J. Eq. 247.*

My view is that a bond should be given by the complainant. Application to fix the terms and conditions of the same may be made before me on any motion day.